D. M. WILLIAMS, *et ux.,* v. M. E. COTTRILL, *et al.*

171 So. 230.
Division B.
Opinion Filed December 4, 1936.

*Leon J. C. Harton,* for Appellants;

*W. J. Gardiner,* and *Gardiner & Gardiner,* for Appellees.

BUFORD, J.—The appeal is from a final decree of fore-closure.

Questions 1 and 2 propounded by appellants do not conform to the requirements of Amended Rule 20. The answer to each of these questions as stated must be determined by an analysis made by the Court of the entire record. In effect, the questions are: Was the decree entered justified upon consideration of the entire record? Such questions are in nowise helpful to the Court and do not indicate what error, if any, appellants rely on.

The third and fourth questions challenge the action of the Court in striking portions of the answer. The portions of the answer stricken were insufficient to allege any defense and, therefore, they were properly stricken. If facts supporting the theory of defendants in the court below, appellants here, could constitute any defense to a foreclosure suit sufficient facts would have to be alleged to establish an equity on behalf of the answering defendant.

The answer here in short and in effect alleges that after the execution and delivery of the mortgage covering a number of lots in a subdivision, these defendants, for valuable consideration, acquired an agreement with the owners, mortgagors, for the conveyance to them of certain of the lots by good and sufficient warranty deeds. It alleges that after the execution of the mortgage the assignee holder of the mortgage released a certain lot, not in the agreement for purchase by the appealing defendants, for $250.00, that that particular lot was of great value and that the release of it materially changed the burden on appellant's lots to discharge the remainder of the mortgage and they claimed the right to have the lots for which they hold agreement for deed released on like terms as was that other lot. But, the answer entirely fails to state, (1) that the assignee of the mortgage releasing Lot 5 at the time had any knowledge of any agreement upon the part of the mortgagor to make deeds to these defendants, or (2) that the agreement between the original mortgagor and these defendants was on record. Therefore, the answer fails to allege that the assignee of the mortgage released the lot referred to with any knowledge of any rights of these appealing defendants having intervened.

The record shows that the appealing defendants did not file their agreement for deed for record until after that

other lot had been released from the mortgage, although the agreement had been executed and delivered to them long prior thereto.

Under this state of facts, there was no merit in the attempted defense and the parts of the answer were properly stricken.

The fifth question challenges the power of the court to amend the final decree *nunc pro tunc* without notice to the defendants. The record shows that the amendment of the decree was one of form and not of substance because the amendment was to correct what was apparently a typographical error in description of the property included in the final decree so that the description would conform to that warranted by the record. There was no error in this. So the decree appealed from is affirmed.

So ordered.

Affirmed.

ELLIS, P. J. and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.